■ In the Matter of RALPH N. TRAINELLO, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner. — In this proceeding to discipline an attorney upon charges of professional misconduct, respondent has failed to appear or answer the petition herein containing the charges, although the time to do so has expired. Respondent was personally served in this matter. Petitioner further moved for a default judgment on the ground that respondent failed to appear or answer the aforementioned petition. Although served with a notice of motion for a default judgment, respondent failed to answer.

The respondent was admitted to practice by this court under the name Ralph Nicholas Trainello on January 25, 1967. By order of this court dated April 30, 1984, the respondent was suspended from the practice of law until the further order of this court, based upon his conviction of a "serious crime". In this proceeding the respondent is charged with (1) having been convicted of a "serious crime" within the meaning of section 90 (subd 4, par d) of the Judiciary Law and of rule 691.7 of the Appellate Division, Second Judicial Department Rules (22 NYCRR 691.7), in that respondent was found guilty after trial of violation of section 371 of title 18 of the United States Code (conspiracy to commit offense or defraud United States), title 18 (§ 1962, subd [d]) of the United States Code (prohibited racketeering activities), section 7201 of title 26 of the United States Code (attempt to evade and defeat tax), and section 7206 of title 26 of the United States Code (fraud and false statements), respondent having been sentenced to four concurrent sentences of three years' imprisonment and the total fine of $30,000; (2) failing to file, within 30 days of his conviction, with this court, a record of his conviction of a crime as required by section 90 (subd 4, par c) of the Judiciary Law, and (3) failing to file a registration statement with the Office of Court Administration as required by section 468-a of the Judiciary Law.

The charges, if established, would require respondent's disbarment. Since he has chosen not to deny the charges and not even to appear in this proceeding, the charges must be deemed established. Petitioner's motion is therefore granted. Respondent is unfit to be a member of the Bar. He is disbarred and his name is ordered removed from the roll of attorneys and counselors at law, effective forthwith. Mollen, P. J., Titone, Lazer, Mangano and Lawrence, JJ., concur.